UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————

MORTIMER EXCELL,

                              Plaintiff,

            -v.-                                          9:07-CV-0305
                                                         (GTS/GHL)
ROBERT K. WOODS; *et al.*,

                              Defendants.
———————————————————————

APPEARANCES:                                OF COUNSEL:

MORTIMER EXCELL, 96-R-8355
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ANDREW M. CUOMO                         ADELE M. TAYLOR-SCOTT, ESQ.
  Attorney General for the State of New York   Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court is this *pro se* prisoner civil rights action is a motion for a preliminary

injunction and/or temporary restraining order, filed by Mortimer Excell ("Plaintiff"). (Dkt. No. 81, at

33.)  In his motion, Plaintiff argues, among other things, that (1) his mail is being stolen, (2) he is being

denied the right to freely exercise his religion, and (3) he is being retaliated against for filing grievances

and complaints.  (*See generally* Dkt. No. 81.)  For the reasons set forth below, Plaintiff's motion is

denied.

## I.    RELEVANT BACKGROUND

### A.    Summary of Pleadings

On March 23, 2007, Plaintiff filed his original Complaint in this action asserting numerous claims arising out of his confinement at Auburn and Upstate Correctional Facilities between approximately August 9, 2005, and March 16, 2007 (the date of the Complaint).  (Dkt. No. 1, at 36.) On April 18, 2007, the Court required Plaintiff to file an Amended Complaint.  (Dkt. No. 6.)  On May 17, 2007, Plaintiff filed an Amended and Supplemental Complaint asserting similar claims arising out of his confinement at Auburn Correctional Facility between approximately May 5, 2005, and May 14, 2007 (the date of the Amended and Supplemental Complaint).  (Dkt. No. 10.)  On July 3, 2007, with leave of the Court, Plaintiff filed a Second Amended and Supplemental Complaint asserting similar claims arising out of his confinement at Auburn and Upstate Correctional Facilities between approximately June 17, 2005, and July 3, 2007 (the date of the Second Amended and Supplemental Complaint).  (Dkt. No. 17.)  Generally, in his Second Amended and Supplemental Complaint, Plaintiff alleges that, on at least five separate occasions, between approximately June 17, 2005, and July 3, 2007, correctional officers at Auburn and Upstate Correctional Facilities harassed him based on his race and religion.  (*See generally* Dkt. No. 17.)

### B.    Summary of Plaintiff's Motion

Plaintiff filed his motion for a preliminary injunction and/or temporary restraining order on February 23, 2009.  (Dkt. No. 81.)  Generally, in his motion, Plaintiff seeks injunctive relief due to actions occurring and Clinton and Upstate Correctional Facilities between approximately November

26, 2007, and February 10, 2009 (the date of Plaintiff's motion).  (*Id.*)[1]

For example, Plaintiff alleges that he continued to suffer harm at Upstate Correctional Facility because his mail was being tampered with in the following regard: (1) in December 2008, he sent 58 pages of grievances to Prisoner's Legal Services of New York; (2) he subsequently sent letters asking for the return of those pages; (3) a representative of Prisoner's Legal Services told Plaintiff that his documents were mailed back to him on January 6, 2009; and (4) despite this fact, Plaintiff has yet to receive the documents.  (Dkt. No. 81.)  On April 18, 2009, Plaintiff was transferred to Great Meadow Correctional Facility.  (Dkt. No. 89.)  As Plaintiff explains:

> Plaintiff seeks a prohibitory injunction relied primarily on these ongoing illegal practice and to prevented prison officials from interfering with the plaintiff legal and personal family and friends mail that the[y] had denied Plaintiff from July 16, 2008 to this date of February 2009 and release the Plaintiff from these false confinement to special housing unit that become a burden and suffering on Plaintiff and is result of retaliation for this same civil action and to stop denied the Plaintiff medical care for his injuries he received and stop denied Plaintiff access to their grievance program.

(Dkt. No. 81 at 32.)

Defendants oppose Plaintiff's motion on three grounds: (1) Plaintiff has failed to demonstrate personal jurisdiction over the state actors currently alleged; (2) the injunctive relief sought by Plaintiff is not related to his underlying Second Amended and Supplemental Complaint; and (3) Plaintiff has not demonstrated an entitlement to preliminary injunctive relief.  (Dkt. No. 83.)

---

[1]    The bulk of the alleged wrongdoing set forth in Plaintiff's motion occurred at Clinton Correctional Facility, where Plaintiff was transferred on November 26, 2007, and where he remained until he was transferred back to Upstate Correctional Facility on July 16, 2008.  (*Id*. at 20, 32.)

## II.    DISCUSSION

The Court denies Plaintiff's motion for three alternative reasons.

First, "the relief that Plaintiff seeks by way of injunction does not relate to the allegations contained in the amended complaint, as required." *Gordon v. Watts*, 06-CV-0450, 2008 WL 717689, at *1 (N.D.N.Y. Mar. 17, 2008) (citing *Williams v. Goord*, 05-CV-247, 2007 WL 703202, at *2 [N.D.N.Y. Mar. 2, 2007] [Scullin, S.J.]; *Allen v. Brown*, 96-CV-1599, 1998 WL 214418, *4 [N.D.N.Y. Apr. 28, 1998] [Pooler, J.]).  If Plaintiff wishes to assert a claim against certain individuals at Clinton Correctional Facility and Upstate Correctional Facility for, among other things, interfering with his mail on or after July 3, 2007 (the date of Plaintiff's Second Amended and Supplemental Complaint), he is advised that he must either (1) request, and be granted, leave to file a *Third* Amended and Supplemental Complaint in this action, or (2) file a separate action against these individuals.[2]

Moreover, to the extent that Plaintiff seeks injunctive relief against employees of Clinton Correctional Facility, who are not parties to this action, Plaintiff is advised that, except in limited circumstances not present in this action, a Court may not order injunctive relief as to nonparties to an action.  *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . is binding only upon the parties to the action . . . ."); *United States v. Regan,* 858 F.2d 115, 120 (2d Cir. 1988); *Sumpter v. Skiff*, 05-CV-0869, 2006 WL 3453416, at *1 (N.D.N.Y. Nov. 28, 2006) (McAvoy, J.); *Gordon v. Watts*, 06-CV-0450, 2008 WL 717689, at *1 (N.D.N.Y. Mar. 17, 2008) (Kahn, J.).

Second, Plaintiff's request for injunctive relief against the Defendants named in his Second Amended and Supplemental Complaint (as well as the individuals employed at Clinton and Upstate

---

[2]    The Court further advises Plaintiff, that, generally, before doing so, a prisoner must exhaust his available administrative remedies, as required by the Prison Litigation Reform Act.

Correctional Facility who are identified in Plaintiff's motion for injunctive relief) must be denied because a transfer from a prison facility moots an action for injunctive relief against the transferring facility. *Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir. 1996) (citing *Young v. Coughlin,* 866 F.2d 567, 568 n.1 [2d Cir. 1989], *cert. denied,* 492 U.S. 909 [1989], and *Beyah v. Coughlin,* 789 F.2d 986, 988 [2d Cir. 1986]).[3] Plaintiff is reminded that the alleged wrongdoing set forth in his Second Amended and Supplemental Complaint occurred while he was incarcerated at Auburn and Upstate Correctional Facilities. (Dkt. No. 17.) Moreover, the alleged wrongdoing set forth in Plaintiff's motion for a preliminary injunction and/or temporary restraining order occurred while he was incarcerated at Clinton and Upstate Correctional Facilities. (Dkt. No. 81.) However, Plaintiff has now advised the Court that he has been moved to Great Meadow Correctional Facility. (Dkt. No. 89.) Accordingly, Plaintiff's motion is denied as moot. *See Smith v. Artus*, 07-CV-1150, 2007 WL 4298703, at *2 (N.D.N.Y. Dec. 6, 2007) (Mordue, C.J.) (citing *Candelaria v. Coughlin*, 787 F. Supp. 368, 378 [S.D.N.Y. 1992], and *Malik v. Tanner*, 1988 WL 25239, at *1-2 [S.D.N.Y. Feb. 29, 1988]).

Third, Plaintiff's request is denied on the merits. A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *See D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citation

---

[3]     A case is moot when "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, [and] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Assoc. Gen. Contractors of Conn. v. City of New Haven*, 41 F.3d 62, 66-67 (2d Cir. 1994) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 [1979]).

omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 [8th Cir. 1994]).

In his motion papers, Plaintiff appears to assert that he was retaliated against at Clinton and Upstate Correctional Facilities because of the current civil action. For example, Plaintiff asserts that, when he arrived at Clinton Correctional Facility, he discovered "that numerous officer and official that used to work in Upstate Correctional Facility also now work in Clinton [Correctional] Facility and have start to point out plaintiff to other officers of Clinton Correctional Facility and tell them to keep a eye on the Plaintiff . . . ." (Dkt. No. 81, at 20.)

Assuming, for purposes of this motion, that Plaintiff could establish that he would suffer irreparable harm should injunctive relief not issue, he must also prove that he has a likelihood of succeeding on the merits of his underlying claim or that there are sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly in his favor. *See D.D. ex rel. V.D.*, 465 F.3d at 510. However, Plaintiff has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted. After carefully reviewing this affidavit, the Court concludes that Plaintiff has not submitted sufficient evidence upon which the Court may conclude that Plaintiff has a likelihood of succeeding on the merits of his underlying claim, or that there are sufficiently serious questions going to the merits of the underlying claim and a balance of hardships tipping decidedly in Plaintiff's favor. The Court emphasizes that "the underlying claim" arises from events occurring at Auburn and Upstate Correctional Facilities before July 3, 2007 (the date of the Second Amended and Supplemental Complaint), and thus bear little if any

6

relation to the injunctive relief sought.[4]

For each of these three alternative reasons, the Court denies Plaintiff's motion for a preliminary injunction and/or temporary restraining order.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a preliminary injunction and/or temporary restraining order (Dkt. No. 81) is **DENIED**.

Dated: May 6, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[4]    The Court notes that, in both his Second Amended and Supplemental Complaint and his motion for a preliminary injunction, Plaintiff names Glenn S. Goord, Commissioner of the Department of Correctional Services ("DOCS"), and Lucien J. LeClaire, Jr., Deputy Commissioner of DOCS, as Defendants. However, because Plaintiff has failed to allege facts plausibly suggesting any personal involvement on the part of either of these Defendants, the claims against these two Defendants are unlikely to succeed. *See, e.g. Word v. Croce*, 230 F. Supp.2d 504, 514 (S.D.N.Y. 2002) (where plaintiff made, "[a]t most, . . . conclusory allegations that Defendants . . . had knowledge of the constitutional violations alleged in her complaint," and plaintiff failed to "allege that either Defendant helped create NYDOCS's policies concerning mail procedures," the lack of personal involvement on the part of the high ranking officials warranted their dismissal from the action).