UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MORTIMER EXCELL,

                              Plaintiff,

                                                                                        9:07-CV-0305
v.                                                                                       (GTS/GHL)

ROBERT K. WOODS, Supt., Upstate C.F.; N. BEZIO, Dep. Supt., Upstate C.F.;
GLENN S. GOORD, Comm'r, DOCS; LUCIEN J. LeCLAIRE, JR.,
Dep. Comm'r, DOCS; DONNIE WOOD, C.O., Upstate C.F.; BRIAN LEWIS,
C.O., Upstate C.F.; TIMOTHY RAMSDELL, C.O., Upstate C.F.;
JOHN MOORE, Corr. Supervisor, Upstate C.F.; KENNETH MCLAUGHLIN,
Dir. of Ops., Inspector Gen.; D. QUINN, Captain, Upstate C.F.;
R.N. MARIA TRAVERS, Nurse, Upstate C.F.; GARY STEINBERG, C.O.,
Auburn C.F.; DR. LESTER WRIGHT, Assoc. Comm'r, DOCS; BRAD SMITH,
C.O., Auburn C.F.; JOSEPH BELLINER, Dep. Supt., Auburn C.F.;
JEFFREY CLAFFLIN, C.O., Auburn C.F.; JOHN BURGE, Supt., Auburn C.F.;
JOSEPH WOLCZYK, Hearing Officer, Auburn C.F.; DONALD HESS, C.O.,
Auburn C.F.; D. SELSKY, Dir. of Special Housing, DOCS;
GORDON SIMONS, C.O., Auburn C.F., BRIAN FISCHER; Comm'r, DOCS;
RICHARD ROY, Inspector Gen.; ALAN CROCE, Chairman, Comm'n of Corr.,
and Comm'r, Div. of Parole; DANIEL STEWART, Chairman, Comm'r,
Comm'n of Corr.; VERNON MANLEY, Comm'r, NYS Div. of Parole;
THOMAS GRANT, Comm'r, NYS Div. of Parole; JOHN CAPACCI,
NYS Div. of Parole; MARIA TIRONE, Dep. Supt., Upstate C.F.;
ASHLEY ALLEN, Corr. Counselor, Upstate C.F.; LINDA A. HAYES, KBSI,
Upstate C.F.; PATRICIA SALVAGE, Auburn C.F.; RAYMOND HEAD, Lt.,
Auburn C.F.; JAMES ANCTIL, Lt., Upstate C.F.; R.N. NANCY SMITH,
Nurse Administrator, Upstate C.F.; LABETZ, Correctional Supervisor,
Auburn C.F.; WILLIAM DEVITO, C.O., Auburn C.F.; J. SOURWINE, C.O.,
Auburn C.F.; MICHAEL BRAY, C.O., Auburn C.F.; KEVIN PREMO, C.O.,
Upstate C.F.; DARRIN CORRIGEUX, C.O., Upstate C.F.; SHEILA SAUVE,
C.O., Upstate C.F.; and M. MACKDONAL, C.O., Upstate C.F.,

                              Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MORTIMER EXCELL, 96-R-8355<br>  Plaintiff, *Pro Se*<br>Elmira Correctional Facility<br>P.O. Box 500<br>Elmira, New York 14902 | |
| HON. ANDREW M. CUOMO<br>  Attorney General for the State of New York<br>  Counsel for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | ADELE M. TAYLOR-SCOTT, ESQ.<br>Assistant Attorney General |

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action filed by Mortimer Excell ("Plaintiff") against forty-three employees of several New York State departments and/or agencies ("Defendants") pursuant to 42 U.S.C. § 1983 are the following: (1) a motion, filed by thirty-six of the Defendants, to dismiss part of Plaintiff's Second Amended and Supplemental Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that the motion be granted in part and denied in part; (3) Plaintiff's Objections to those portions of the Report-Recommendation recommending dismissal; and (4) Plaintiff's fourth motion for the appointment of counsel. (Dkt. Nos. 67, 84, 87, 93.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; Plaintiff's Second Amended and Supplemental Complaint is dismissed in part, as detailed in the "Ordered" Clauses of this Decision and Order; and Plaintiff's fourth motion for the appointment of counsel is denied.

**I.     RELEVANT BACKGROUND**

### A. Plaintiff's Pleadings in This Action

On March 23, 2007, Plaintiff filed his original Complaint in this action pursuant to 42 U.S.C. § 1983, asserting numerous claims arising out of his confinement at Auburn and Upstate Correctional Facilities between approximately August 9, 2005, and March 16, 2007 (the date of the Complaint). (Dkt. No. 1, at 36.) On April 18, 2007, the Court required Plaintiff to file an Amended Complaint. (Dkt. No. 6.) On May 17, 2007, Plaintiff filed an Amended *and Supplemental* Complaint asserting similar claims arising out of his confinement at Auburn Correctional Facility between approximately May 5, 2005, and May 14, 2007 (the date of the Amended and Supplemental Complaint). (Dkt. No. 10.) On July 3, 2007, with leave of the Court, Plaintiff filed a Second Amended and Supplemental Complaint asserting similar claims arising out of his confinement at Auburn and Upstate Correctional Facilities between approximately June 17, 2005, and July 3, 2007 (the date of the Second Amended and Supplemental Complaint). (Dkt. No. 17.)

Generally, in his Second Amended and Supplemental Complaint, Plaintiff alleges that, on at least five separate occasions, between approximately June 17, 2005, and July 3, 2007, correctional officers at Auburn and Upstate Correctional Facilities harassed him based on his race and religion. (*See generally* Dkt. No. 17.) As a result, Plaintiff brings claims arising under First, Fourth, Eighth and Fourteenth Amendments, against forty-three employees of several New York State departments and/or agencies, listed in the caption of this Decision and Order. (*Id.*) In his Report-Recommendation, Magistrate Judge Lowe accurately and thoroughly recites the allegations, and prayer for relief, of Plaintiff's Second Amended and Supplemental Complaint. (*See* Report-Recommendation at Parts I.B. and I.C.) As a result, that recitation is incorporated by reference herein.

B.      **Plaintiff's Related Action**

In his Report-Recommendation, Magistrate Judge Lowe also accurately and thoroughly recites the allegations, claims and procedural posture of Plaintiff's Complaint in a previously filed action that is currently pending in this Court before the undersigned–*Excell v. Burge*, 05-CV-1231-GTS-GJD (N.D.N.Y.). (*See* Report-Recommendation at Part I.A.) As a result, that recitation is incorporated by reference herein. The Court would note two additional facts regarding that action's procedural posture.

First, although this fact is not expressly stated in Magistrate Judge Lowe's Report-Recommendation, Senior United States District Judge Lawrence E. Kahn granted part of Defendants' motion for summary judgment in the action of *Excell v. Burge*, 05-CV-1231, on September 25, 2008, dismissing *with prejudice* all of Plaintiff's claims against Defendant Head, and Plaintiff's First Amendment free-exercise claim against Defendants Hess, Devito, Bray, and Sourwine. *See Excell v. Burge*, 05-CV-1231, 2008 WL 4426647 (N.D.N.Y. Sept. 25, 2008) (Kahn, J.). Then, after being assigned the case on October 2, 2008, the undersigned denied Plaintiff's motion for reconsideration of Judge Kahn's decision and order on January 21, 2009. *See Excell v. Burge*, 05-CV-1231, 2008 WL 152585 (N.D.N.Y. Jan. 21, 2009) (Suddaby, J.)

Second, after Magistrate Judge Lowe issued his Report-Recommendation in this action, the undersigned scheduled trial in the action of *Excell v. Burge*, 05-CV-1231, for December 14, 2009, and appointed *pro bono* trial counsel for Plaintiff.

### C. Defendants' Motion to Dismiss

On March 6, 2008, thirty-six of the forty-three Defendants in this action filed a motion to dismiss part of Plaintiff's Second Amended and Supplemental Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 67.)[1] In his Report-Recommendation, Magistrate Judge Lowe accurately summarizes Defendants' arguments on their motion to dismiss. (*See* Report-Recommendation at Part I.D.)  As a result, that summary is incorporated by reference herein.

After being granted two extensions of time by Magistrate Judge Lowe to file a response to the motion, Plaintiff filed a lengthy response on June 30, 2008, and July 7, 2008. (Dkt. Nos. 74, 75.)  More specifically, Plaintiff's response consisted of thirty pages of singled-spaced legal argument and affidavit testimony, as well as forty-nine pages of exhibits. (*Id*.)  Liberally construed, the crux of Plaintiff's response is that Defendants' motion should be denied for three reasons: (1) his lengthy Second Amended and Supplemental Complaint and his declaration in response to Defendants' motion provide sufficient factual allegations for purposes of Fed. R. Civ. P. 8(a); (2) his response exhibits and his declaration in response to Defendants' motion, demonstrate genuine issues of material fact for trial; and (3) Defendants have failed to comply with Plaintiff's discovery requests. (*Id*.)

On March 12, 2009, Magistrate Judge Lowe issued a Report-Recommendation

---

[1] To the extent that the current motion is filed on behalf of Defendants who had already filed an Answer to Plaintiff's Second Amended and Supplemental Complaint (*see* Dkt. No. 66), that motion is properly brought under Fed. R. Civ. P. 12(c), which governs the entry of judgment on the pleadings.  However, courts analyzing a motion filed under Rule 12(c) must apply the same standard as that applicable to a motion filed under Rule 12(b)(6). *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816 (1994); *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.).

recommending that the motion be granted in part and denied in part. (Dkt. No. 84.) Familiarity with the specific recommendations and analysis therefor offered in Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order. (*See* Report-Recommendation at Part III.)

On March 27, 2009, Plaintiff filed his Objections to those portions of the Report-Recommendation recommending dismissal. (Dkt. No. 87.)[2] Liberally construed, the crux of Plaintiff's Objections argue that the undersigned should reject Magistrate Judge Lowe's Report-Recommendation for two reasons: (1) Plaintiff's lengthy Second Amended and Supplemental Complaint, his declaration in response to Defendants' motion, and his Objections to Magistrate Judge Lowe's Report-Recommendation provide sufficient factual allegations for purposes of Fed. R. Civ. P. 8(a); and (2) Plaintiff's response exhibits, his declaration in response to Defendants' motion, and his verified Objections to Magistrate Judge Lowe's Report-Recommendation demonstrate genuine issues of material fact for trial. (*Id*.)

---

[2]  The Court notes that, on March 20, 2009, Plaintiff filed a document entitled "Declaration," which was mistakenly docketed as an "Objection" to the Report-Recommendation. (Dkt. No. 85.) The Court concludes that the Declaration does not constitute an Objection to the Report-Recommendation, because it is dated February 26, 2009 (two weeks before the issuance of the Report-Recommendation), it does not reference the Report-Recommendation, and it constitutes evidence (which is immaterial on a motion to dismiss). (*Id*.) The Court notes also that, on March 25, 2009, Plaintiff filed a "Respon[se] to Opposition of Defendants['] Memorandum Motion for Preliminary Injunctive Relief," which was incorrectly docketed as a "Supplemental Objection" to the Report-Recommendation. (Dkt. No. 86.) The Court concludes that this document does not constitute an Objection to the Report-Recommendation, because it is dated February 26, 2009 (two weeks before the issuance of the Report-Recommendation), it does not reference the Report-Recommendation but Plaintiff's then-pending motion for preliminary injunction. (*Id*.) As a result, the Clerk's Office is directed to re-docket Dkt. No. 85 as "Declaration in Support of Plaintiff's Motion for Counsel and/or Motion for Preliminary Injunction," to re-docket Dkt. No. 86 as "Reply to Response to Motion for Preliminary Injunction," and to re-docket Dkt. No. 87 as "Objection to Report-Recommendation."

### D.     Plaintiff's Fourth Motion for Counsel

On June 2, 2009, Plaintiff filed his fourth motion for the appointment of counsel. (Dkt. No. 93.) Plaintiff's first three such motions were filed on May 27, 2008, June 2, 2008, and March 4, 2009, and were denied on December 29, 2008, and April 7, 2009. (Dkt. Nos. 71, 72, 80, 82, 88.)

## II.    APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[4] Similarly, when a party makes no objection

---

[3]     On *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[4]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing a Motion to Dismiss for Failure to State a Claim**

Magistrate Judge Lowe thoroughly and correctly recited the legal standard governing a motion to dismiss for failure to state a claim, including the standard governing such motions to dismiss pleadings drafted by *pro se* litigants. (*See* Report-Recommendation at Part II.) As a result, that standard is incorporated by reference herein.

**III.**      **ANALYSIS**

      **A.**      **Defendants' Motion to Dismiss**

As indicated above in Part I.C. of this Decision and Order, Plaintiff's Objections do not contain specific challenges to those portions of the Report-Recommendation recommending the partial denial of Defendants' motion to dismiss. Thus, the Court reviews those portions of the Report-Recommendation for only clear error. *See, supra*, Part II.A. of this Decision and Order. After carefully reviewing all of the papers in this action (including Plaintiff's Second Amended and Supplemental Complaint, and the referenced portions of Magistrate Judge Lowe's Report-Recommendation), the Court concludes that the referenced portions of the Report-Recommendation are well-reasoned and not clearly erroneous. As a result, the Court accepts and adopts these portions of the Report-Recommendation for the reasons stated therein.

      With regard to the one portion of Magistrate Judge Lowe's Report-Recommendation to

which Plaintiff's Objections do specifically challenge–i.e., Magistrate Judge Lowe's recommendation that Defendants' motion to dismiss be partially granted–a *de novo* review is appropriate.  *See*, *supra*, Part II.A. of this Decision and Order.  After carefully reviewing all of the papers in this action (including Plaintiff's Second Amended and Supplemental Complaint, the referenced portion of Magistrate Judge Lowe's Report-Recommendation, and Plaintiff's Objections), the Court concludes that the referenced portion of the Report-Recommendation is correct in all respects.  Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court also accepts and adopts this portion of the Report-Recommendation for the reasons stated therein.  The Court would add only five points.

First, contrary to Plaintiff's reading of Magistrate Judge Lowe's Report-Recommendation, the vast majority of Magistrate Judge Lowe's recommendations were not premised on a failure by Plaintiff to allege sufficient facts for purposes of Fed. R. Civ. P. 8(a).  Rather, the vast majority of Magistrate Judge Lowe's recommendations were based on the fact that the claims in question, though factually detailed, were simply not cognizable under Fed. R. Civ. P. 12(b)(6). (*See* Report-Recommendation at Part II [describing the two grounds on which a defendant may move to dismiss for failure to state a claim].)[5]  As a result, his argument that he provided a "short

---

[5] More specifically, the vast majority of Magistrate Judge Lowe's recommendations were based on the fact that the claims in question were not actionable under the following legal authorities: (1) the proscription against duplicitous and malicious prosecutions, pursuant to Fed. R. Civ. P. 11(b)(2), the first-in-time rule, and the Court's inherent power to manage its docket; (2) the principle of sovereign immunity under the Eleventh Amendment; (3) the doctrine of absolute immunity; (4) the requirement that supervisors be personally involved in constitutional violations under 42 U.S.C. § 1983; (5) the legal standard governing substantive and procedural due process claims arising from prison disciplinary hearings under the Fourteenth Amendment; (6) the legal standard governing access-to-courts claims arising under the First Amendment; (7) the legal standard governing free-exercise claims arising under the First Amendment; (8) the

and plain statement of [his] claim," as required by Fed. R. Civ. P. 8(a), is almost entirely irrelevant.

Second, contrary to Plaintiff's understanding of the legal standard governing motions to dismiss under Fed. R. Civ. P. 12(b)(6), extrinsic evidence cannot be considered by the Court when deciding such motions. *See* Fed. R. Civ. P. 12(d). Nor can matters outside the four corners of the pleadings be considered by the Court when deciding such motions, with a few exceptions. Here, the Court finds none of the exceptions are applicable. The exhibits and declarations on which Plaintiff relies in opposition to Defendants' motion were not exhibits to his lengthy Second Amended and Supplemental Complaint. (*See* Dkt. No. 17, Part 1.) Thus, they are not deemed part of that pleading pursuant to Fed. R. Civ. P. 10(c). Moreover, Plaintiff has already had three chances to amend his operative pleading in this action. As a result, he has no absolute right, under Fed. R. Civ. P. 15(a)(2), to constructively amend it through the Court's consideration of the materials in question. Finally, Plaintiff has not shown that the materials in question are sufficiently consistent with the allegations of his Second Amended and Supplemental Complaint.[6] As a result, it would not be appropriate for the Court to consider them

---

legal standard governing unreasonable-search claims under the Fourth Amendment; (9) the legal standard governing due process claims arising from the receipt of a false prison misbehavior report in prison under the Fourteenth Amendment; (10) the intra-corporate conspiracy doctrine; and (11) the legal standard governing claims of deliberate indifference to a serious medical need and inadequate prison conditions arising under the Eighth Amendment. (*See* Report-Recommendation at Part III.)

     [6] The Court notes that, under the circumstances, considering the materials in question would result in piecemeal litigation, requiring Defendants, in their Answer or Amended Answer (*see* Dkt. No. 66), to admit or deny–at their peril–facts never plausibly alleged in Plaintiff's Second Amended and Supplemental Complaint.

out of an extension of special solicitude to Plaintiff.[7]  For all these reasons, it is irrelevant (for purposes of the motion to dismiss currently pending before the Court) whether or not Plaintiff has submitted response exhibits, a declaration in response to Defendants' motion, and verified Objections to Magistrate Judge Lowe's Report-Recommendation, which demonstrate genuine issues of material fact for trial.

Third, Plaintiff neglects to mention, in his Objections, that several of the dismissals recommended by Magistrate Judge Lowe are dismissals *with leave to amend*.  Such a recommendation is extremely generous to Plaintiff, who has already had three chances to amend his operative pleading in this action, and who, on one occasion, took the opportunity to file a *supplemental* pleading without prior leave of the Court.  (*Compare* Dkt. No. 15 *with* Dkt. No. 17.)  *See* Fed. R. Civ. P. 15(d); Local Rule 7.1(a)(4).  While the Court accepts Magistrate Judge Lowe's recommendation, <u>the Court cautions Plaintiff that, should his Third Amended and Supplemental Complaint allege any facts occurring after July 3, 2007 (the date of the Second Amended and Supplemental Complaint), those allegations will be *sua sponte* struck by the Court</u>.

Fourth, as stated above in Part I.B. of this Decision and Order, although this fact is not relied on in Magistrate Judge Lowe's Report-Recommendation, Judge Kahn granted part of Defendants' motion for summary judgment in the action of *Excell v. Burge*, 05-CV-1231, on September 25, 2008, dismissing *with prejudice* all of Plaintiff's claims against Defendant Head,

---

[7]  The Court notes that an additional reason it should not treat his Objections as effectively amending his Second Amended and Supplemental Complaint is that such a treatment would contravene the rule that a district court will ordinarily refuse to consider material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See*, *supra*, note 3 of this Decision and Order.

and Plaintiff's First Amendment free-exercise claim against Defendants Hess, Devito, Bray, and Sourwine. *See Excell v. Burge*, 05-CV-1231, 2008 WL 4426647 (N.D.N.Y. Sept. 25, 2008) (Kahn, J.). As a result, Plaintiff's litigation of those claims in this action are precluded for the additional reason of res judicata, also known as claim preclusion.

Fifth, and finally, in addition to the intracorporate-conspiracy-doctrine cases cited by Magistrate Judge Lowe, the Court relies on the cases cited by the undersigned in *Murray v. Pataki*, 03-CV-1263, 2009 WL 981217, at *4 & n.11 (N.D.N.Y. Apr. 9, 2009) (Suddaby, J.).

### B. Plaintiff's Motion to Appoint Counsel

Plaintiff's fourth motion for the appointment of counsel is denied for the same reasons that his third such motion was denied by Magistrate Judge Lowe on April 7, 2009. (Dkt. No. 88.) More specifically, after carefully reviewing the file in this action, the Court finds as follows: (1) it appears as though, to date, Plaintiff has been able to effectively litigate this action; (2) it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any further dispositive motions); and (4) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 84) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 67) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the following claims of Plaintiff's Second Amended and Supplemental Complaint (Dkt. No. 17) are **DISMISSED without leave to amend**:

(1) all claims against Defendants Devito, Head, Labetz, Simons, and Sourwine;

(2) the First Amendment religion claims alleged in ¶¶ 1-26 of the Second Amended and Supplemental Complaint against Defendant Hess;

(3) all claims against Defendant Burge;

(4) all claims against Defendants in their official capacities;

(5) all claims against Defendants Manley, Grant, and Capacci;

(6) the claim against Defendant Croce regarding his decision to deny Plaintiff parole;

(7) the claims against Defendants Goord, Burge, Fischer, Roy, McLaughlin, Croce, Stewart, LeClaire, Wright, and N. Smith alleging that they ignored complaints and grievances;

(8) the procedural due process claims against Defendants Salvage, Hayes, and Allen;

(9) the Fourth Amendment claim against Defendants Steinberg, B. Smith, and Claflin arising from their August 22, 2005, search of Plaintiff's cell;

(10) the conspiracy claims against Defendants Premo, D. Wood, and Corrigeux arising from the May 2006 drug tests;

(11) the conspiracy claim against Defendant Lewis arising from the June 17, 2006, request for a urine sample;

13

(12) the conspiracy claim against Defendants R. Woods and Anctil arising from Anctil's May 19, 2007, threats; and

(13) the claim that Defendant McDonald used "racial and discrimination and indecent and profane language"; and it is further

**ORDERED** that the following claims of Plaintiff's Second Amended and Supplemental Complaint (Dkt. No. 17) are **DISMISSED with leave to amend**:

(1) the claims against Defendants Goord, Fischer, Roy, McLaughlin, Croce, Stewart, LeClaire, Wright, and N. Smith alleging that they falsified documents in response to Plaintiff's grievances;

(2) the substantive due process and First Amendment access to the courts claims against Defendants Salvage, Hayes, and Allen;

(3) the due process claim against Defendants B. Smith and Claflin arising from the August 23, 2005, misbehavior report;

(4) the due process claim against Defendants Premo, D. Wood, and Corrigeux arising from the May 2006 drug tests;

(5) the due process claim against Defendant Lewis arising from the June 22, 2006, misbehavior report;

(6) the Eighth Amendment medical care claims against Defendants Moore and Travers arising from Plaintiff's discovery of glass in his food;

(7) the Eighth Amendment claims arising from Anctil's May 19, 2007, threats;

(8) the Eighth Amendment conditions of confinement claim against Defendant McDonald arising from the denial of food and spitting in Plaintiff's coffee; and

(9) the Eighth Amendment medical care claim against Defendant McDonald

arising from her interference with Plaintiff's medical interview; and it is further

**ORDERED** that the following claims of Plaintiff's Second Amended and Supplemental Complaint (Dkt. No. 17) hereby survive Defendants' motion to dismiss:

(1) the retaliation claim against Defendant Hess arising from the August 22, 2005, drug test;

(2) the retaliation claim against Defendant Bellinger arising from the August 22, 2005, drug test;

(3) the First Amendment claim against Defendants Steinberg, B. Smith, and Claflin arising from their August 22, 2005, search of Plaintiff's cell;

(4) the due process claim against Defendant Steinberg arising from the August 23, 2005, misbehavior report;

(5) the Fourth Amendment claim against Defendant Premo arising from the May 7, 2006, drug test; and

(6) the Eighth Amendment medical care claim against Defendant Travers arising from Plaintiff's May 2007 report of bloody bowel movements; and it is further

**ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff shall file, for the Court's review and acceptance, a **THIRD AMENDED AND SUPPLEMENTAL COMPLAINT**, in which he asserts the six claims described in the preceding paragraph, and in which he amends the nine claims that have been hereby dismissed with leave to amend; and it is further

**ORDERED** that, after Plaintiff's Third Amended and Supplemental Complaint, Defendants shall file an Answer (or an Amended Answer, if appropriate) in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Plaintiff's fourth motion for the appointment of counsel (Dkt. No. 93) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall re-docket Dkt. No. 85 as "Declaration in Support of Plaintiff's Motion for Counsel and/or Motion for Preliminary Injunction," re-docket Dkt. No. 86 as "Reply to Response to Motion for Preliminary Injunction," and re-docket Dkt. No. 87 as "Objection to Report-Recommendation."

<u>Plaintiff is advised that, should his Third Amended and Supplemental Complaint fail to state a claim with regard to the nine claims that have been hereby dismissed with leave to amend, those claims will be *sua sponte* dismissed by the Court. Plaintiff is also advised that, should his Third Amended and Supplemental Complaint allege any facts occurring after July 3, 2007 (the date of the Second Amended and Supplemental Complaint), those allegations will be *sua sponte* struck by the Court</u>.

Dated: September 29, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge